UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 1:18-CR-167-5

RYAN RASHAD BROWN,          Hon. Paul L. Maloney
                                          United States District Judge

    Defendant.
_____/

**THIRD AMENDED INFORMATION AND NOTICE OF
PRIOR CONVICTION FOR FELONY DRUG OFFENSE**

The United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Kate Zell and Daniel McGraw, Assistant United States Attorneys, files this Third Amended Information and Notice of Prior Felony Drug Offense to inform the Court and the Defendant, Ryan Rashad Brown, that if the Defendant is convicted of Counts 1 or 5 of the Superseding Indictment, the Defendant is subject to enhanced penalties under the Controlled Substances Act and the First Step Act of 2018, and states as follows:

    1.      On July 25, 2018, the Defendant, Ryan Rashad Brown, was charged by Indictment in this case with: (1) one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine and a quantity of cocaine base (Count 1), in violation of 21 U.S.C. §§ 846 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C), (2) one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 10); and (3) one count

1

of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (Count 18). (R.172, PageID.469–507.)

    2.    On August 15, 2018, the United States filed an Information and Notice of Prior Felony Drug Conviction pursuant to 21 U.S.C. § 851, which notified the Court and the Defendant that the Defendant was subject to increased penalties associated with Counts 1, 10, and 18 of the Indictment because the Defendant had one or more prior convictions for a felony drug offense.(R.331, PageID.793–796.) More specifically, the Defendant has a 2003 conviction for felony delivery/manufacture of a controlled substance—cocaine, heroin, or another narcotic less than 50 grams, in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv), and a 2008 conviction for felony possession of a controlled substance—cocaine, heroin, or another narcotic less than 25 grams, in violation of Michigan Compiled Laws § 333.7403(2)(a)(v).

    3.    On December 21, 2018, the "First Step Act of 2018" was signed into law, which, *inter alia*, amended portions of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, including the requirements for enhanced penalties pursuant to 21 U.S.C. § 851. First Step Act of 2018, § 401(a) (amending 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B)). Of particular relevance to the Defendant, the First Step Act amended the requirements for increased penalties associated with violations of 21 U.S.C. § 841(b)(1)(B): whereas before the First Step Act a defendant was subjected to enhanced penalties if he had *"felony drug offense,"* following the first step act a

defendant is subject to enhanced penalties under § 841(b)(1)(B) only if he has a prior conviction for a "*serious drug felony.*"

4. A "serious drug felony" conviction is defined as "an offense described in section 924(e)(2) of Title 18, United States Code, for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." First Step Act of 2018, § 401(a) (amending 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B)).

5. On January 18, 2019, the United States filed an Amended Information and Notice of Prior Felony Drug Conviction respecting the Defendant, indicating that, although the defendant's prior felony drug convictions continued to subject the Defendant to enhanced penalties with respect to any convictions for violations of 21 U.S.C. § 841(b)(1)(C), the Defendant's prior felony drug convictions did not qualify as "serious drug felony" convictions as defined by the First Step Act of 2018. (R.482, PageID.1530.) With respect to the Defendant's 2003 conviction for delivery/manufacture of a controlled substance, at the time of the filing of the Amended Information and Notice, the United States did not believe the conviction qualified as a "serious drug felony" because the Defendant initially received a sentence of 6 months' imprisonment—less than the 12-month term required to qualify as a "serious drug felony" following the First Step Act. And the Defendant's January 24, 2008, conviction for possession of a controlled substance does not qualify as a "serious drug felony" because it is not a conviction for manufacturing, distributing, or

3

possessing with intent to manufacture or distribute a controlled substance. *See* 21 U.S.C. § 802(57); 18 U.S.C. §924(e)(2).

6. On September 11, 2019, a Superseding Indictment was filed in this case, (R.818), which contains the same substantive charges against the Defendant as those in the original Indictment:

a. Count 1 of the Superseding Indictment charges the Defendant with conspiracy to manufacture, distribute, and possess with intent to distribute more than 500 grams of cocaine and a quantity of cocaine base (*i.e.*, crack cocaine), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). The statutory penalty for this offense with respect to 500 grams or more of cocaine is a term of imprisonment of not less than 5 years nor more than 40 years, a $5,000,000 fine, and supervised release of not less than 4 years and up to life. 21 U.S.C. § 841(b)(1)(B). The statutory penalty for this offense with respect to a quantity of cocaine base is a term of imprisonment of not more than 20 years, a $1,000,000 fine, and supervised release of not less than 3 years and up to life. 21 U.S.C. §841(b)(1)(C). The statutory penalty for this offense with respect to a quantity of cocaine base (or a quantity of cocaine) is enhanced if the defendant has a prior conviction for a "felony drug offense." Such a defendant is subject to a "term of imprisonment of not more than 30 years…." 21 U.S.C. § 841(b)(1)(C). Further, the maximum fine in such circumstances is $2,000,000, and the term of supervised release is at least 6 years and up to life. *Id.*

b. Count 5 of the Superseding Indictment charges the Defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)

and 841 (b)(1)(C). The statutory penalty for this offense is a term of imprisonment of not more than 20 years, a $1,000,000 fine, and supervised release of not less than 3 years and up to life. 21 U.S.C. §841(b)(1)(C). The statutory penalty for this offense with a prior conviction for a "felony drug offense" is "term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C). Further, the maximum fine in such circumstances is $2,000,000, and the term of supervised release is at least 6 years and up to life. *Id.*

    c.    Count 12 of the Superseding Indictment charges the Defendant with possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). The statutory penalty for this offense with respect to 500 grams or more of cocaine is a term of imprisonment of not less than 5 years nor more than 40 years, a $5,000,000 fine, and supervised release of not less than 4 years and up to life. 21 U.S.C. § 841(b)(1)(B).

    7.    Upon further review of the Defendant's criminal history records in conjunction with the filing of the Superseding Indictment, the United States determined that the Defendant was sentenced a total of three times for his 2003 felony conviction for manufacture/delivery of a controlled substance, for an aggregate sentence term of 19 months. Moreover, the Defendant was released from a term of imprisonment for that conviction within 15 years of the commencement of the instant offense. Based on that information, the United States believed that the Defendant's 2003 conviction for manufacture/delivery of a controlled might qualify under the First Step Act as a "serious drug felony." Accordingly, the United States filed a Second

Amended Information and Notice of a Prior Serious Drug Felony with the expectation that the parties would litigate this issue before this Court. (R.827, PageID.4977–4983).

8. On October 23, 2019, the Defendant executed a written waiver of a jury trial on the issue of whether his 2003 conviction constitutes a "serious drug felony" under the First Step Act, for purposes of the statutory enhancement. (R.5925, PageID.5925–5926).

9. On October 24, 2018, trial began in this matter. (R.959, PageID.5936–5938). That same day before this Court, the Defendant waived his right to a jury trial on the issue of whether his 2003 conviction constitutes a "serious drug felony" under the First Step Act, for purposes of the statutory enhancement. (*Id.*). The United States agreed to a bench trial on this matter. Accordingly, this issue was bifurcated for purposes of trial, to be determined by the District Court.

10. In preparation for testimony on the facts relating to the Defendant's 2003 felony drug conviction and subsequent sentencings, the United States obtained records from the Kent County Sheriff's Department that delineate the actual days of incarceration the Defendant served for that conviction. Those records show that, although the Defendant was sentenced to an aggregate of more than 12 months' incarceration for his 2003 felony drug offense conviction, he spent approximately 221 days in custody for that particular conviction—less than the 12 months required under the First Step Act for the offense to count as a "serious drug felony." As such, the United States does not believe that the Defendant's 2003 conviction constitutes a

6

"serious drug felony." The 2003 conviction does, however, meet the definition of a "felony drug offense" for purposes of enhanced penalties under 21 U.S.C. 841(b)(1)(C).

11. Pursuant to 21 U.S.C. § 851, the United States hereby notifies the Court and the Defendant that the Defendant has a prior "felony drug offense" conviction that became final before the date set forth in the Superseding Indictment. The Superseding Indictment charges that the Defendant conspired to distribute and to possess with intent to distribute cocaine and crack cocaine from in or about 2017 through and including May 24, 2018. The Superseding Indictment further charges that the Defendant possessed cocaine with the intent to distribute it on April 8 and May 7, 2018.

12. The Defendant incurred the following prior convictions:

    a. On or about May 5, 2003, the Defendant was convicted, in the 17th Circuit Court of Michigan, of Felony Controlled Substance—Delivery/Manufacture of Cocaine Less Than 50 Grams, in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv).

    b. On or about January 24, 2008, the Defendant was convicted, in the 17th Circuit Court of Michigan, of Felony Possession of a Controlled Substance—Cocaine, Heroin, or Another Narcotic, Less Than 25 Grams, in violation of Michigan Compiled Laws § 333.7403(2)(a)(v).

13. These prior convictions for a "felony drug offense" subject the Defendant to increased penalties, described in paragraphs 6, above, if he is convicted of Counts 1 or 5 as charged in the Superseding Indictment. More specifically, upon conviction

on Count 1 of the Superseding Indictment with respect to a quantity of cocaine base or cocaine and/or a conviction on Count 5 of the Superseding Indictment, the Defendant, Ryan Rashad Brown, faces a statutory maximum "term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C). Further, the maximum fine in such circumstances is $2,000,000, and the term of supervised release is at least 6 years and up to life. *Id.*

WHEREFORE, the United States of America gives notice that the Defendant, Ryan Rashad Brown, has a prior conviction for a "felony drug offense" and asks that if the Defendant is found guilty of Counts 1 and/or 5 in the Superseding Indictment, he be sentenced in accordance with the enhancement provisions of 21 U.S.C. §§ 841(b)(1)(C).

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: November 3, 2019

*/s/ Kate Zell*
Daniel McGraw
Kate Zell
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501