UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       No.  1:18-cr-167

RYAN RASHAD BROWN, *et al.*,          HON. PAUL L. MALONEY
                                                         United States District Judge

        Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RYAN BROWN'S MOTION FOR JUDGMENT OF ACQUITTAL

On October 24, 2019 through November 5, 2019, trial was held in the United States District Court for the Western District of Michigan, on federal drug offenses,.

Defendant, Ryan Brown, was charged under the Government's Superseding Indictment (ECF 818) as follows:

- Count 1: "*Conspiracy to Distribute Cocaine and Crack Cocaine*" contrary to 21 U.S.C. §846, §841(a)(1), §841(b)(1)(B) (ECF No. 818, PageID 4821-4824);

- Count 5: "Possession With Intent to Distribute Cocaine" on or about April 8, 2018, in Kent County, contrary to 21 U.S.C. §841(a)(1), §841(b)(1)(C) (ECF No. 818, PageID 4828); and,

- Count 12 with "Possession With Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine" on or about May 7, 2018, in Muskegon County, contrary to 21 U.S.C. §841(a)(1), §841(b)(1)(B)(ii), and 18 U.S.C. §2. (ECF No. 818, PageID 4835).

Over the course of 9 days, the government called 29 witnesses. The witnesses can be generally categorized as follows, albeit out of chronological order:

A. Case agents: **(1)** DEA Agent Joseph Young; **(2)** Officer Dan Wills, Kentwood PD,

assigned to MET Narcotics;

B. <u>Outside Law Enforcement</u>: **(3)** Lt. Chris Goodman, Arkansas State Police, arrested, Bridgett Boston, seized cocaine; **(4)** Chemist Dan Hedges, Arkansas;

C. <u>Surveillance/Search Warrant Functions:</u> **(5)** KCSD, Jason Mervau; **(6)** MSP Joshua May- helicopter; **(7)** MSP Clark Becksford; **(8)** GRPD Chad Preston; **(9)** KCSD Task Force Marty Albert; **(10)** Muskegon PD, Nick Hibbard; **(11)** GRPD Brad Cutright; **(12)** DEA SA Chris Watkins; **(13)** GR Vice, Tyler Sheppard; **(14)** SA Lawrence Lilly, Houston; **(15)** GRPD Gregorio Refugio Alcala; **(16)** SA Greg Pond;

D. <u>Forensic Chemists</u>: **(17)** Gary Latham; **(18)** William Ruhf;

E. <u>Other Ancillary Law Enforcement</u>: **(19)** MSP Analyst, Akosua Bempong; **(20)** MSP Analyst Angela Garcia; **(21)** GRPD Analyst, Renee Garza; **(22)** Research Analyst, Rachel Mesyn;

F. <u>Lay Witnesses/Cooperators</u>: **(23)** Wilbert Gentry; **(24)** DeMarcus Pinder; **(25)** Craig James; **(26)** Taniedra White; **(27)** Christopher Boyer;

G. <u>Voice ID</u>: **(28)** Thomas Mize – *not as to Brown*;

H. <u>"Opinion" Witness</u>: **(29)** ATF Chicago, Christopher Labno.

Following the close of the Government's proofs, Defendant, by counsel, moved orally (out of the jury's presence) for an order of dismissal pursuant to FRCP 29(a).

This Honorable Court considered but denied the motion. Subsequently, on Tuesday, November 5, 2019, the jury returned verdicts of guilty on the three counts against Defendant Brown.

FRCP 29(c) states, in part:

(1) Time for a Motion.  A Defendant may move for a judgment of acquittal, <u>*or renew such a motion*</u>, within 14 days after a guilty verdict or after the Court discharges the jury, whichever is later.

(2) Ruling on the Motion.  If the jury has returned a guilty verdict, the Court may set aside the verdict and enter an acquittal…

Defendant, Ryan Brown, hereby respectfully renews his motion for judgment of acquittal pursuant to Rule 29. Despite the number of witnesses presented by the Government in various categories of evidence, it is respectfully submitted that the totality of the competent evidence was insufficient to support a verdict of guilty on all the elements of the offenses charged, by a rational trier of fact, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 Led.2d 560 (1979).

Therefore, Defendant, Ryan Brown, requests that this Honorable Court set aside the verdicts, and enter a judgment of acquittal.

                                                    Respectfully Submitted,

Dated: November 18, 2019                /S/ John M. Karafa
                                                    John M. Karafa
                                                    Attorney for Defendant Ryan Brown