UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. 1:18-CR-167

RYAN RASHAD BROWN,   HON. PAUL L. MALONEY
      United States District Judge

    Defendant.
_____/

## GOVERNMENT'S OPPOSITION TO RYAN BROWN'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

The United States of America, by and through Andrew Byerly Birge, United States Attorney, and Dan McGraw and Kate Zell, Assistant United States Attorneys, files this opposition to Defendant Ryan Rashad Brown's renewed motion for judgment of acquittal, and respectfully requests that the Court deny the motion.

Brown was one of four defendants to exercise his right to a jury trial in this cocaine trafficking conspiracy prosecution. The Court presided over the jury trial from October 24 to November 5, 2019. On the eighth day of trial, November 4, 2019, the government rested its case in chief, and each of the defendants orally moved the court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, including Brown. (R. 970.) The government opposed Brown's motion. The Court denied the motion in open court. (*Id.*) The jury returned a verdict on November 5, 2019, and found Brown guilty of count one, conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base;

1

count five, possession with intent to distribute cocaine on April 8, 2018; and count twelve, possession with intent to distribute 500 grams or more of cocaine on May 7, 2018. (R. 976.) On November 19, 2019, Brown renewed his motion for judgment of acquittal (R. 994) with a brief in support (R. 995) pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure. The motion should be denied.

Under Rule 29(c)(1), "[a] defendant may move for a judgment of acquittal, or renew such motion, within 14 days after a guilty verdict . . . ." In ruling on such a motion, "the trial judge must view the evidence and reasonable inferences to be drawn therefrom most favorable to the Government." *United States v. Gaines*, 353 F.2d 276, 278 (6th Cir. 1965). The same standard, when employed in an appellate context, "is a great obstacle to overcome, *United States v. Winkle*, 477 F.3d 407, 413 (6th Cir. 2007), and presents the appellant in a criminal case with a very heavy burden." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (citing *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007)).

Here, the evidence admitted at trial against Brown, when viewed in a light most favorable to the Government, was overwhelming. The government incorporates the argument made in open court in opposition to Brown's original motion for judgment of acquittal, and briefly summarizes the evidence against Brown for purposes of this renewed motion.

As to count one, conspiracy, the evidence at trial proved beyond a reasonable doubt that Brown was a cocaine customer of Howard Mayfield who then sold cocaine and manufactured cocaine base for further sale. Brown was also a middle man for a

period of time for kilogram quantities of cocaine between Mayfield and Muskegon-based supplier Craig James. The jury heard intercepted calls between Mayfield and Brown, saw intercepted text messages between Brown, Mayfield, and other co-conspirators, and heard and saw evidence of physical and electronic surveillance of Mayfield and Brown's movements. The evidence showed that Brown was involved for the entirety of the conspiracy.

As to count five, possession with intent to distribute cocaine on April 8, 2018, the jury heard an intercepted call between Mayfield and Brown, where Brown ordered a "hizzy" (half ounce) of cocaine (Gov. Ex. 7.1.9910.) The jury saw GPS tracking evidence that showed Mayfield's Tahoe at Brown's house 30 minutes after the call. The jury also heard from officers who physically surveilled Mayfield going into Brown's house, and then leave a short time later. After Mayfield left, officers observed an unknown white male arrive at Brown's house, go inside, and exit a short time later. All of this evidence was sufficient to prove that Brown possessed cocaine on April 8, 2018 with the intent to distribute.

As to count twelve, possession with intent to distribute 500 grams or more of cocaine on May 7, 2018, the jury saw evidence of 19 calls or text messages between Brown and cocaine supplier Craig James. The jury also heard intercepted calls between Mayfield and Brown where they discussed traveling to Muskegon to buy cocaine from James. The jury saw GPS tracking evidence that tracked Mayfield's Tahoe from Brown's house, to the drug house on Superior Street in Muskegon where they purchased a half kilogram of cocaine from James, and back to Brown's house

after. The jury also heard from multiple police officers who physically surveilled Mayfield and Brown's movements on this date to corroborate the GPS tracking evidence. The jury also heard an intercepted call between Mayfield and Nicole Starr that occurred while Mayfield and Brown were driving from Grand Rapids to Muskegon. The jury heard Brown talk to Starr during that call. Lastly, Craig James testified that he sold Mayfield and Brown either a half or full kilogram of cocaine on this date in Muskegon. All of this evidence was sufficient to prove that Brown possessed 500 grams or more of cocaine on May 7, 2018 with the intent to distribute.

For all of the foregoing reasons, and when viewing the evidence in a light most favorable to the Government, the Court should deny Brown's renewed motion for judgment of acquittal.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: December 17, 2019

*/s/ Daniel T. McGraw*
DANIEL T. McGRAW
KATE ZELL
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, Michigan 49503
(616) 456-2404